IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARVEY M. SHANER, JR.,
    Plaintiff,

v.

KYLE RUSSELL, *et al.*,
    Defendants.

CIVIL ACTION NO. 19-CV-2441

FILED
JUL 16 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

PADOVA, J.                                                                                 JULY 16, 2019

Plaintiff Harvey M. Shaner, Jr., a prisoner incarcerated at the Lehigh County Jail, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based on allegations that his constitutional rights have been and continue to be violated during his incarceration. The Court denied Shaner's Motion for Leave to Proceed *In Forma Pauperis* without prejudice because he failed to include a certified copy of his prisoner account statement for the six-month period prior to lodging his Complaint as required by 28 U.S.C. § 1915(a)(2). (ECF No. 4.) The Court gave Shaner time to return with his paperwork, which he did. (ECF No. 5.) He also filed an Amended Complaint. (ECF No. 6.) For the following reasons, the Court will grant Shaner leave to proceed *in forma pauperis*, dismiss certain claims, and give Shaner leave to file a second amended complaint as to certain claims.[1]

---

[1] Shaner's Amended Complaint is the governing pleading in this case, as an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)). "[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019). Accordingly, the Court will only address the allegations in the Amended Complaint to determine whether Shaner has stated a claim.

1

## I. FACTS

The Amended Complaint names as Defendants Warden Kyle Russell, Investigator Cliff Knappenberger, and Lt. Brian Dugan. Shaner articulates the following factual basis for his claims:

> I've been verbal [sic] harassed and have been threatened in writing. I've also been threatened with physical harm by the two mentioned. The investigator has blocked me from being able to talk to my girlfriend, my son and also my daughter which I do not have a court order against them. They are blocking contact for no reason. The harassment continues to get worse.

(Am. Compl. ECF No. 6 at 4.)[2] Shaner indicates that he filed a grievance "to stop the harassment and [to] allow contact to [his] family," that the grievance was denied, and that the Warden denied his appeal. (*Id.* at 3.) As relief, Shaner seeks $500,000 from each Defendant and a "temporary injunction to stop the abuse." (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court grants Shaner leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] The Court adopts the pagination assigned to the pleadings by the CM-ECF system.

[3] However, as Shaner is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

(quotations omitted). Conclusory allegations do not suffice. *Id.* As Shaner is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). For the following reasons, Shaner has only stated a plausible basis for a claim against Defendant Knappenberger for restricting contact with his girlfriend and children.

### A. Claims Based on Denial of Grievances

Although unclear, the only apparent basis for Shaner's claim against the Warden is the fact that the Warden denied Shaner's appeal of his grievance. This claim fails because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). If Shaner intended to assert any other claim against the Warden, that claim is not apparent from the Amended Complaint.[4] In sum, the Court will

---

[4] "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a

3

dismiss any claims based on the denial of grievances, which resolves all of Shaner's claims against the Warden.

### B. Claims Based on Threats and Harassment

Shaner has not stated a constitutional claim based on his sparse and conclusory allegations of threats and harassment. Verbal threats and harassment, although distasteful, do not amount to a constitutional violation.[5] *See Ledcke v. Pennsylvania Dep't of Corr.*, 655 F. App'x 886, 888–89 (3d Cir. 2016) (per curiam) (detainee's "claims of verbal harassment fail[ed] as a matter of law"); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Higgs v. Suey*, Civ. A. No. 07-5158 RMB, 2008 WL 699594, at *5 (D.N.J. Mar. 12, 2008) ("Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983."); *cf. Fanti v. Weinstock*, 629 F. App'x 325 (3d Cir. 2015) ("Even severe verbal harassment typically does not rise to the level of a constitutional violation."). Accordingly, the Court will dismiss these claims.

---

supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Shaner has not alleged a basis for the Warden's liability in connection with the conditions he describes in the Amended Complaint.

[5] The Eighth Amendment governs claims brought by convicted and sentenced inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). It is not clear from the Complaint whether Shaner was a pretrial detainee or convicted and sentenced inmate at the time of the events giving rise to his claims. However, verbal threats and harassment do not amount to a violation of either amendment.

4

### C. Claims Based on Contact Restriction

Shaner claims that Investigator Knappenberger prevented him "from being able to talk to [his] girlfriend, [his] son and also [his] daughter" and did so "for no reason." (Am. Compl. at 4.) "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Here, although Shaner's allegation is sparse, he alleges that Investigator Knappenberger restricted him from communicating with his girlfriend, son, and daughter for no reason at all. Taking Shaner's allegations as true, as the Court is obligated to do at this stage of the litigation, he may proceed on his First Amendment claim against Investigator Knappenberger at this time. This claim will proceed only against Investigator Knappenberger, as Shaner has not alleged sufficient facts suggesting that any other Defendant was personally involved in restricting whom he could contact. However, Shaner will be permitted to file a second amended complaint in the event he can articulate a basis for the other Defendants' liability.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Shaner's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with the exception of his First Amendment claim against Investigator Knappenberger. Shaner's claims related to the handling of grievances and any verbal abuse are dismissed with prejudice because he cannot cure the defects in those claims. However, the Court will give Shaner an opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can allege a basis for the other Defendants' liability with regard to his First Amendment claim.

5

If Shaner fails to file an amended complaint, the Court will direct service on Defendant Knappenberger only.

BY THE COURT:

_____
JOHN R. PADOVA, J.