**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HARVEY M. SHANER, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-CV-2441** |
| | : | |
| **KYLE RUSSELL,** *et al.,* | : | **FILED** |
| **Defendants.** | : | **JUL 16 2019** |

KATE BARKMAN, Clerk
By_____Dep. Clerk

**ORDER**

AND NOW, this ___ day of July, 2019, upon consideration of Plaintiff Harvey M. Shaner Jr.'s Prisoner Trust Fund Account Statement (ECF No. 5), and his *pro se* Amended Complaint (ECF No. 6), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Harvey M. Shaner, Jr., # 193446 shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Shaner's inmate account; or (b) the average monthly balance in Shaner's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Shaner's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Shaner's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of

Lehigh County Jail.

4. The Complaint and Amended Complaint are **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, the following claims are

   **DISMISSED**:

   a. Any claims based on verbal harassment are **DISMISSED with prejudice.**

   b. Any claims based on the handling of grievances are **DISMISSED with prejudice.**

   c. The remaining claim, a First Amendment claim, is **DISMISSED without prejudice** as to Defendants Kyle Russell and Brian Dugan.

6. Shaner is given thirty (30) days to file a second amended complaint in the event he can allege additional facts to state a plausible basis for claim against Defendants Russell and Dugan related to his First Amendment claim. Any second amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Shaner's claims against each defendant, and shall bear the title "Second Amended Complaint" and the caption 19-2441. If Shaner files a second amended complaint, his second amended complaint must be a complete document that includes all of the bases for Shaner's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. When drafting his amended complaint, Shaner should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Any second amended complaint **shall not** reassert claims that have been dismissed with prejudice. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. If Shaner does not file a second amended complaint the Court will direct service of

his Amended Complaint on Defendant Cliff Knappenberger only so that Shaner may proceed on his First Amendment claim. Shaner may also notify the Court that he seeks to proceed on his First Amendment claim against Knappenberger rather than file a second amended complaint. If he files such a notice, Shaner is reminded to include the case number for this case, 19-2441.

BY THE COURT:

_____

JOHN R. PADOVA, J.