IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY M. SHANER, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CLIFF KNAPPENBERGER | : | NO.  19-2441 |
| | : | |

## MEMORANDUM

**Padova, J.**                                                                                                              June 22, 2020

Pro se Plaintiff Harvey M. Shaner, Jr. has brought the instant lawsuit pursuant to 42 U.S.C. § 1983 against Cliff Knappenberger, an investigator at the jail where Shaner was incarcerated, alleging that Knappenberger violated his civil rights by preventing him from speaking with his girlfriend and children while he was incarcerated.  Knappenberger has now filed a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).  We grant the Motion for the following reasons.

**I.       BACKGROUND**

Shaner filed this action on June 5, 2019.  On July 8, 2019, Shaner filed an Amended Complaint, asserting claims against Kyle Russell, Warden of the Lehigh County Jail; Knappenberger; an investigator at the Lehigh County Jail; and Lieutenant Brian Dugan, another employee at the Lehigh County Jail.  On July 16, 2019, we dismissed Shaner's claims against Warden Russell and Lt. Dugan for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (See Docket No. 7 at 5.)  While we also granted Shaner the opportunity to file a second amended complaint in the event that he could allege a basis for liability against Warden Russell and Lt. Dugan, he did not do so.  (See id.)

The Amended Complaint contains only one factual allegation regarding Knappenberger:


> The investigator has blocked me from being able to talk to my girlfriend, my son and also my daughter, which [sic] I do not have a court order against them. They [sic] are blocking contact for no reason.

(Am. Compl. at 4 of 7.)

## II.   LEGAL STANDARD[1]

"Under Rule 12(e), a defendant may move for a more definite statement '[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006) (alterations in original) (quoting Fed. R. Civ. P. 12(e)). "The Rule 12(e) 'motion shall point out the defects complained of and the details desired.'" Id. (quoting Fed. R. Civ. P. 12(e)). "A motion for a more definite statement is the proper way for a defendant to request plaintiff 'to lay out details that enable the defendant[] to respond intelligently and the court to handle the litigation effectively.'" Anand v. Shapiro, Civ. A. No. 19-600, 2019 WL 1333878, at *3 (E.D. Pa. Mar. 25, 2019) (quoting Chapman v. Yellow Cab Coop., 875 F.3d 846, 849 (7th Cir. 2017)). Nonetheless, "'[m]otions for more definite statement are highly disfavored and are rarely granted by the court. Such motions will only be granted if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading or simple denial.'" Id. (quoting Taylor v. Cox, 912 F. Supp. 140, 143 (E.D. Pa. 1995)). "However, '[w]hen presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief.'"

---

[1] Defendant filed the instant Motion for More Definite Statement on January 24, 2020 and served a copy of the Motion on Shaner by first-class mail on the same day. (See Docket No. 17.) Shaner has not filed a response to the Motion. Nonetheless, we have considered the Motion on its merits.

Henderson v. Edens Corp., Civ. A. No. 09-1308, 2014 WL 7008449, at *1 (E.D. Pa. Dec. 11, 2014) (alteration in original) (quoting Thomas, 463 F.3d at 301).

**III.   DISCUSSION**

Defendant argues that a more definite statement is necessary in this case because the Amended Complaint "does not specifically identify the claims being asserted, and is too vague and ambiguous for Defendant to respond with even the simplest denial without prejudicing [himself]." (Def.'s Mem. at 6.)  Defendant further asserts that the Amended Complaint fails to allege how and when he allegedly prevented Shaner from communicating with his girlfriend and children and, most significantly, which specific right Shaner contends he violated.

Shaner has brought the instant action pursuant to 42 U.S.C. § 1983, for vindication of the alleged violation of his civil rights.  "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights."  Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)).  "To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Id. (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The Amended Complaint does not specify the constitutional or other federally-secured right that Shaner believes was violated by Defendant.[2]  The Amended Complaint also fails to

---

[2] In our July 16, 2019 Memorandum, we generously assumed that Shaner sought to bring a claim against Knappenberger for violation of his rights under the First Amendment.  However, we are now uncertain as to whether Shaner actually intends to assert a First Amendment claim and, if he does, what precise right under the First Amendment he believes Knappenberger has violated.

specify when Shaner's rights were violated or the manner in which that violation occurred. Under these circumstances, we conclude that it is impossible for Defendant "to craft a responsive pleading or simple denial." Anand, 2019 WL 1333878, at *3 (quotation omitted). Accordingly, we grant Defendant's Motion for a More Definite Statement. If Shaner desires to pursue his claim against Knappenberger, he must file a second amended complaint that contains "more specific factual allegations . . . concerning the conduct underlying [his] claims for relief.'" Henderson, 2014 WL 7008449, at *1 (quotation omitted).

**IV.   CONCLUSION**

For the foregoing reasons, we grant Defendant's Motion for a More Definite Statement. Shaner shall file, no later than July 22, 2020, a second amended complaint in which he clearly identifies the constitutional right(s) that he believes Knappenberger violated, when the violation(s) occurred, and the manner in which Knappenberger violated his identified constitutional right(s). If Shaner fails to file a second amended complaint within the specified time period, we will dismiss his Amended Complaint in its entirety. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.